IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD F.[1] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of Social Security | : | NO. 23-4226 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                April 27, 2026

Presently before the court is Plaintiff's motion for attorney fees pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S. § 2412, following the court's remand of

the denial of supplemental security income.  For the reasons that follow, I will grant in

part and deny in part the motion for attorney fees.

I.       **PROCEDURAL HISTORY**

This case has a lengthy procedural history, which I set forth in detail in my

Memorandum (Doc. 16) and will not repeat here.  In summary, Plaintiff applied for SSI

on June 22, 2010, alleging disability as of July 1, 2002.  Tr. at 99-103, 137.  Plaintiff

appealed an initial unfavorable determination to this court, and on July 21, 2015, the

Honorable William H. Yohn, Jr., remanded the matter for further review of medical

opinion evidence.  Tr. at 411-32.  After a second administrative hearing and a second

unfavorable ALJ determination, the Appeals Council remanded the matter on July 7,

---

[1]Consistent with the practice of this court to protect the privacy interests of
plaintiffs in social security cases, I will refer to Plaintiff using his first name and last
initial.  See Standing Order – In re:  Party Identification in Social Security Cases (E.D.
Pa. June 10, 2024).

2022, finding that the ALJ failed to adequately evaluate the opinion which had been the subject of the previous federal court remand.  Id. at 465-67.  After a third administrative hearing and a third unfavorable decision, on October 31, 2023, Plaintiff sought review in this court, seeking remand for an award of benefits.  Doc. 8 at 28-30.

On February 29, 2024, Defendant filed a motion for remand, asking the court to remand the matter for further proceedings, including further evaluation of the opinion evidence and supplemental vocational expert evidence.  Doc. 13 ¶ 3.  Despite an extremely sparse medical record, Plaintiff opposed Defendant's motion for remand and instead sought reversal with an award of benefits, arguing that benefits were warranted because substantial evidence showed that Plaintiff is disabled, and because adjudication of his application has been unreasonably protracted.  Doc. 8 at 29-30; Doc. 14 at 4-6. Notably, Plaintiff did not seek remand for further evaluation as an alternate remedy. Doc. 14.

On October 20, 2025, I granted Defendant's motion to remand for further proceedings and denied Plaintiff's request that benefits be awarded.  Doc. 17.  In an accompanying Memorandum, I explained that the determination of disability rests with the Commissioner in the first instance, and also that the sparsity of the medical record made it impossible for the court to make an informed decision as to whether Plaintiff is entitled to benefits.  Doc. 16 at 18-19.

On November 13, 2025, Plaintiff filed a Rule 59(e) motion, arguing that my ruling constituted "clear error of law" and is "manifestly unjust to Plaintiff."  Doc. 18 ¶¶ 1-2 (Motion) & at 2-8 (Brief).  On January 5, 2026, I denied Plaintiff's motion for

reconsideration.  Doc. 20.  In doing so, I explained that Plaintiff's "error of law" argument was devoid of caselaw support and constituted mere repetition of the arguments presented in his original briefing.  Id. at 1 n.2.  I rejected Plaintiff's argument that remand for further proceedings was "unjust" because he failed to acknowledge that the existing medical record is virtually non-existent and failed to mention or address the case I relied on in which the court declined to award benefits and instead remanded for further proceedings despite a protracted history that included six administrative hearings, five administrative decisions, and four appeals to federal court over the course of more than nine years.  Id. (citing Henderson v. Colvin, Civ. No. 12-5316, 2014 WL 543111, at *2, R&R (E.D. Pa. Dec. 20, 2013), approved and adopted, id., at *1 (E.D. Pa. Oct. 24, 2014)).

Plaintiff has been represented by Robert Savoy, Esq., throughout the proceedings.[2] On January 30, 2026, Plaintiff timely filed the present motion for attorney fees (Doc. 21), attaching Mr. Savoy's itemization of hours expended in this matter (Doc. 21-1) (the "Itemization") and fee agreement with Plaintiff (Doc. 21-2).  Defendant filed a response in opposition to the fee request, and Plaintiff filed a reply.  Docs. 22 & 23.

## II.   STANDARD OF REVIEW

Plaintiff seeks attorney fees pursuant to the EAJA, which provides in relevant part that

> a court shall award to the prevailing party . . . fees and other
> expenses . . . incurred by that party in any civil action . . .

---

[2]The present fee petition seeks compensation for time beginning in August 2023, when the ALJ issued the decision under review.  Doc. 21-1 at 1.

3

> including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To calculate reasonable attorney fees under a fee-shifting statute such as the EAJA, courts multiply the number of hours reasonably expended by the reasonable hourly rate, see Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), which has come to be known as the "lodestar."[3]  Plaintiff bears the burden of establishing entitlement to a reasonable award, which requires the fee petitioner to provide "evidence supporting the hours worked and rates claimed."  Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (quoting Hensley, 461 U.S. at 433).

"Billing judgment . . . is an important component in assessing time claimed under a fee-shifting statute such as the EAJA."  Seifert v. Comm'r of Soc. Sec., Civ. No. 10-188J, 2013 WL 357568, at *3 (W.D. Pa. Jan. 29, 2013) (citing Hensley, 461 U.S. at 434).  For example, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."  Hensley, 461 at 434 (emphasis in original) (citation omitted).  Thus, a reviewing court is obliged to reduce the number of hours claimed if they are excessive, redundant, or otherwise unnecessary.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing Hensley, 461 U.S. at 433).  The court has discretion in this regard, see id., and every case must be evaluated on its own

---

[3]Although Hensley was a civil rights case, the Supreme Court stated that "the standards set forth [regarding calculation of attorney fees] are generally applicable to all cases in which Congress has authorized an award of fees to a 'prevailing party.'"  471 U.S. at 433 n.7.

4

merits.  See Hensley, 461 U.S. at 429 ("The amount of the fee, of course, must be determined on the facts of each case.").

## III.    **DISCUSSION**

There is no dispute that Plaintiff was the "prevailing party" insofar as the matter was remanded for further proceedings, nor does Defendant dispute the reasonableness of Mr. Savoy's hourly rate of $260.16.  Doc. 22 at 2.[4]  Therefore, the only issue before the court is the reasonableness of the hours expended.  Plaintiff seeks $20,786.78 in attorney fees, which represents 79.9 hours of Mr. Savoy's work at the $260.16 hourly rate.  Doc. 23 at 1.[5]  Defendant opposes some of the requested fees on the grounds that Plaintiff seeks payment for hours in excess of the average hours expended in this jurisdiction and because the Itemization contains certain unreasonable time expenditures and/or impermissible block billing, reducing Plaintiff's award to no more than $11,421.02.  Doc. 22.  Plaintiff counters that Mr. Savoy's hours were not excessive and that his actions in this matter were reasonable and did not constitute block billing.  Doc. 23.[6]

---

[4]Additionally, Defendant does not assert that the position of the United States was substantially justified or that special circumstances exist which would make an award of attorney fees unjust, and therefore neither of those exceptions to § 2412(d)(1)(A) fees are applicable.

[5]Plaintiff initially sought attorney fees of $21,437.18 for 82.3 hours of work.  See Doc. 21 ¶ 5; Doc. 23 at 1.  However, he subsequently amended the requested amount, explaining that an entry of 3.5 hours of work for November 6, 2023, should have been 1.1 hours, thereby reducing the requested fees to $20,786.78 for 79.9 hours of work.  Doc. 23 at 1.

[6]In his reply brief, Plaintiff Savoy takes issue with Defendant having informed the court that the parties unsuccessfully attempted to resolve the fee dispute through negotiation.  Doc. 23 at 1.  I agree that the reference was improper, but it has no bearing to the issue at hand.  The court fully expects parties to attempt to resolve disputes before

### A.        Average Total Compensable Hours

Defendant first argues that the number of hours sought by Plaintiff is excessive and should be reduced because the total hours of work claimed "is far above average in this jurisdiction."  Doc. 22 at 4.  I do not find this an appropriate basis to reduce the award.  First, as previously noted, every case must be evaluated on its own merits.  See Hensley, 461 U.S. at 429.  In the Social Security context, counsel is required to make strategic decisions as to which and how many claims to make in response to unfavorable ALJ decisions, which arise from a vast array of physical and/or mental impairments documented in administrative records that can also have vast quantitative and qualitative differences.  Simply stated, "averages" are not helpful where each case presents unique circumstances and issues.

Second, there is no caselaw support for the contention that courts should consider an "average" award rather than the traditional lodestar formula when determining a reasonable fee under the EAJA.  See, e.g., Seifert, 2013 WL 357568 at *2 ("[T]he lodestar approach dictates that an EAJA fee award is to be based on the reasonableness of the fee and that reasonableness must be assessed based on the particular record in a particular case, and not based on 'averages.'").

I now turn to Defendant's argument that under the lodestar approach, several components of Plaintiff's requested fees are unreasonable and should be eliminated or reduced.

---

engaging in motion practice, but makes no inference based on either side's willingness vel non to compromise their position.

B.    **Reasonableness of the Itemized Fee Request**

1.    Hours Expended on Opening Brief

Mr. Savoy's Itemization reflects 61.5 hours spent drafting Petitioner's opening brief, across 57 separate days.  Defendant argues that this amount of time is excessive, and I agree.  First, as Plaintiff concedes, Mr. Savoy has considerable experience in Social Security law.  Doc. 23 at 5-6.  Spending 61.5 hours on an opening brief arising from so small a medical record is difficult to comprehend, particularly as Mr. Savoy has longitudinal familiarity with this case and wrote two administrative briefs on behalf of Plaintiff in 2012.  Tr. at 190-92, 193-96.  Indeed, the medical record includes only one post-2011 medical treatment record – from September 17, 2014, id. at 679-81 – and therefore only three pages of medical records were generated between 2012 when he wrote the two administrative briefs and his opening brief to this court in January 2024.

For these reasons, a substantial reduction in the hours expended on the opening brief is warranted.  I will reduce the hours requested by one-third, or by 20.5 hours, reducing the total compensable time spent on the opening brief from 61.5 hours to 41 hours.

2.    Time Expended Opposing Defendant's Remand Motion

Defendant next objects to the 6.8 hours Mr. Savoy spent in an unsuccessful effort to oppose Defendant's motion for remand.  Doc. 22 at 6-9.  Defendant relies on Burt v. Astrue, Civ. No. 08-1427, 2011 WL 1325607 (E.D. Pa. Apr. 7, 2011), where the court considered three factors in deciding whether to allow fees for time spent unsuccessfully opposing a motion for voluntary remand; (1) whether the voluntary remand was

7

"immediately forthcoming," (2) whether Plaintiff's opposition to the motion was "wholly baseless," and (3) the "convoluted procedural background of the case." Id. at *6. In weighing these factors, Defendant argues that the court should exercise its discretion and find Plaintiff's opposition non-compensable.

Because a decision on a fee petition is, of necessity, unique to every case, the three factors guiding the court's decision in Burt may not aid the analysis in another case. Nevertheless, even if I relied on the factors identified in Burt, I would not find the 6.8 hours spent opposing the remand motion to be excessive.  While Plaintiff's opposition to the motion proved unsuccessful -- and his decision not to join in Defendant's motion for remand for further proceedings in the alternative was unusual under the circumstances -- counsel's quest to obtain an award of benefits does not render his opposition "wholly baseless," particularly given the "convoluted procedural background of the case."  In effect, Defendant seeks to put all plaintiffs' counsel in the position of having to agree to voluntary remand motions or risk being deprived of compensation for zealous advocacy.

For these reasons, I find that the 6.8 hours expended in opposing Defendant's remand motion is compensable.

### 3.      Time Expended on Petitioner's Motion for Reconsideration

Defendant next objects to the 9.7 hours Mr. Savoy spent in preparing an unsuccessful Rule 59(e) motion.  Doc. 22 at 6, 9.  I agree that these hours are non-compensable.  As noted in the Procedural History, the purported bases of the reconsideration motion were weak, unsupported by caselaw, and consisted mostly of arguments repeated from prior briefing, and counsel did not mention or discuss the case I

found most persuasive in denying Plaintiff's request for an award of benefits.  As such,

the Rule 59(e) motion was both unsuccessful and ill-advised.  Therefore, I will eliminate

most of the time spent on the motion, allowing one hour counsel reasonably would have

spent determining whether to pursue further challenge.

### 4. Time Expended on EAJA Petition

Defendant also objects to the 2.0 hours Mr. Savoy spent preparing the present

motion for EAJA fees, arguing that such time is excessive for "a standardized EAJA

template" and should be cut in half, particularly given counsel's experience.  Doc. 22 at

11.  I disagree.  As explained in the reply brief, Doc. 23 at 11, the most time-consuming

part of preparing a motion for EAJA fees is not the standardized template language, but

rather the itemization of hours expended.  Given the long procedural history of this case

and the length and detail of the Itemization, see Doc. 22-1, I see no valid basis to contest

Mr. Savoy's characterization of the Itemization in this case as "longer and . . . more time-

consuming to prepare than . . . those in any of counsel's previous cases."  Doc. 23 at 11.

### C. **Block Billing**

Defendant also argues that a downward adjustment of the requested fees is

warranted because Mr. Savoy engaged in impermissible block billing.  Doc. 22 at 9-11.

However, Defendant notes that block billing is an additional reason to reject or reduce

certain hours, and does not suggest that counsel's fees should be subject to a "double"

reduction.  Id. at 22 n.2.  Because I have already decided to reduce the compensable time

Mr. Savoy spent on his opening brief by one-third (20.5 hours) and to eliminate most of

9

the time he spent on his reconsideration motion (8.7 hours), I do not find it necessary to consider whether the EAJA fees should be further reduced.[7]

## IV.    CONCLUSION

The parties do not dispute and the court finds that Mr. Savoy's hourly rate of $260.16 is reasonable.  However, the court further finds that the 79.9 hours sought by Plaintiff is excessive, and that a reduction of his $20,786.78 in attorney fees is warranted. Specifically, I will reduce by one-third the hours Mr. Savoy spent on the opening brief (from 61.5 to 41 hours, a reduction of 20.5 hours) and eliminate all but one hour of the time he spent on Plaintiff's motion for reconsideration (9.7 hours reduced by 8.7 hours), for a total reduction of 29.2 hours (20.5 hours + 8.7 hours = 29.2 hours).  The remaining 50.7 hours of work is reasonble in light of the sparse medical record and given that Defendant filed a motion to remand.  Accordingly, Plaintiff's requested fees are reduced to $13,190.11 (50.7 hours x $260.16 = $13,190.11).

An appropriate Order follows.

---

[7] In block billing, "[l]arge blocks of time associated with . . . only generalized descriptions such as 'research' or 'conference' are not specific enough to permit the Court an adequate basis for review and are subject to reduction." Johnson v. Saul, Civ. No. 19-4098, 2020 WL 3402415, at *3 (E.D. Pa. June 19, 2020) (citation omitted).  I note that the challenged entries here include, for example, "Write brief" and "Prepare motion," Doc. 21-1, which I do not believe require elaboration in these circumstances.